UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES L. THOMAS, | Case No.  C10-5369RJB |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| JEFFERY HOOD, *et al*., | NOTED December 3, 2010 |
| Defendants. | |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4.

Before the court is defendants' motion to dismiss and stay discovery filed pursuant to Fed. R. Civ. P. 12(b)(6).  The motion also contains an unenumerated Fed. R. Civ. P. 12 (b) motion to dismiss (Motion to Dismiss and Stay Discovery, ECF No. 12).  Having considered the file, the court recommends the motion be GRANTED IN PART AND DENIED IN PART.

Claims against the state and against the defendant in his official capacity must be dismissed.  Plaintiff's claims for alleged racial discrimination survive this motion and, based on

REPORT AND RECOMMENDATION- 1

the pleadings to date, defendant Hood would not be entitled to qualified immunity. The motion to stay discovery should be denied, but discovery should be limited to the issue of defendant Hoods' motivation in denying plaintiff the use of the recording equipment in recreation.

## FACTS

Plaintiff alleges defendant Hood misused his position in the recreation department at the prison by showing favoritism to Caucasian inmates. Plaintiff attaches grievances to the complaint that show him complaining that he pays money to use the recording equipment and that Mr. Hood was treating him with a "nasty attitude." (Complaint, ECF No. 5, page 4). That grievance was answered. The response was that plaintiff could use the equipment during his gym time but would not be able to save recordings (Complaint, ECF No. 5, page 4). Plaintiff filed a level two grievance in which he stated that when he approached defendant Hood with the level one response he was treated "with a racist attitude." The alleged conduct included slamming a door in plaintiff's face, and telling plaintiff to "get the hell away from my door." (Complaint, ECF No. 5, page 5). The level two response did not address the alleged racist conduct, only the use of recording equipment (Complaint, ECF No. 5, page 5). In his level three grievance, plaintiff specifies that nothing was done about the alleged racism (Complaint, ECF No. 5, page 6). The level three grievance attached to the complaint is the draft version and does not contain the departments' response.

Defendant Hood moves to dismiss and argues Eleventh Amendment immunity, failure to exhaust administrative remedies, failure to state a claim, qualified immunity, and that discovery should be stayed (Defendants' Motion to Dismiss, ECF No. 12, page2).

REPORT AND RECOMMENDATION- 2

STANDARDS OF REVIEW

There are two standards of review for this motion.  A motion to dismiss for failure to exhaust administrative remedies has a standard of review that is different than the normal standard for a motion to dismiss.

The normal standard for a motion to dismiss is set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), which provides that a court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) either because of the lack of a cognizable legal theory or because of the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

A motion to dismiss for failure to exhaust administrative remedies is an unenumerated Fed. R. Civ. P. 12(b) motion and is subject to a different standard.  The burden of pleading and proving failure to exhaust administrative remedies in the civil rights context is on defendant.  The court may consider evidence outside the pleading without converting the motion to a motion for summary judgment.   Wyatt v. Terhune, 315 F3d. 1108 (9th Cir. 2003).

For purposes of ruling on this motion, material allegations in the complaint are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. 544, 545 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 545.

REPORT AND RECOMMENDATION- 3

Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

A.  *The Eleventh Amendment.*

The Eleventh Amendment to the United States Constitution bars a person from suing a state in federal court without the state's consent.  See Seminole Tribe of Florida v. Florida 517 U.S. 44 (1996); Natural Resources Defense Council v. California Dep't of Transportation, 96 F.3d 420, 421 (9th Cir. 1996).

Further, neither states nor state officials acting in their official capacities are "persons" for purposes of 42 U.S.C. § 1983.  Will v. Michigan Dept. of State Police, 491 U.S. 48, 71 (1989).  The State of Washington has not waived its Eleventh Amendment protections.  Edgar v. State, 92 Wn.2d 217 (1979).

Plaintiff's complaint alleges claims against the Washington State Department of Corrections and defendant Hood in his official capacity.  Because these defendants, as alleged are not "persons" for purposes of §1983, they are entitled to dismissal.

B.  *Exhaustion of Administrative Remedies.*

As stated above, the burden of pleading and proving failure to exhaust administrative remedies in the civil rights context is on defendants'.  Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003).  The exhibits to the complaint show that plaintiff is claiming that he was the subject of racism, although it was not clearly raised in the initial grievance (Complaint, ECF No. 5, pages 4 to 7).  The responses at level one and two do not address the issue of racism.  In the level two grievance, he clarifies that he was grieving defendant's racist attitude, but the Department of Corrections did not respond to that portion of the grievance.

REPORT AND RECOMMENDATION- 4

The level three grievance clearly places the issue of racism before the Department of Corrections (Complaint, ECF No. 5, page 7). Defendant cites no authority for the proposition that the issue must be raised at every level of the process.  Therefore, the question becomes whether plaintiff exhausted his grievance remedies even though the question of racism was not clearly raised until sometime after the level one grievance.  There is at least one unreported case on this issue, but very little published law, and nothing clearly on point.  Garcia v. Mule Creek WL 1366515 would support finding the claim exhausted.  In the one un-reported case, the court said "When the administrative rulebook is silent, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. As in a notice-pleading system, the grievant need not lay out the facts, articulate legal theories, or demand particular relief. All the grievance need do is object intelligibly to some asserted shortcoming."  The defendants have the burden of pleading and proving failure to exhaust. Here, they claim it was not raised at every level, but it was clearly raised during the course of the grievance process.  Since the facts giving rise to the racism claim were presented, even if not clearly articulated, this court recommends that the motion to dismiss be denied at least until such time as additional discovery occurs.   Defendants have not placed the level three response before the court.  Without seeing this response, the court cannot definitively conclude whether the issue has been exhausted.  The court recommends the motion to dismiss for failure to exhaust be DENIED WITHOUT PREJUDICE at this stage of the proceedings.

    C.    *Failure to state a claim.*

Defendant Hood argues the complaint fails to state a claim because "[a]n inmate's constitutional rights are implicated only when he faces restraint that 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.' Sandin v. Conner, 515

REPORT AND RECOMMENDATION- 5

1  U.S. 472, 484, 115 S. Ct. 2993 (1995)." Defendants' statement is a misstatement of the law. <u>Sandin</u>

2  addressed when the court will find a state created liberty interest that is protected by the Fourteenth

3  Amendment. The case does not address all constitutional rights of inmates or all Fourteenth

4  Amendment claims. The case is not applicable to an equal protection claim. <u>Sandin</u>, 515 U.S. at

5  487, n. 11. <u>See also</u> <u>Austin v. Tehurne</u>, 367 F.3d 1167 (9th Cir. 2004).

6  Defendant also argues the plaintiff has the burden of proving discriminatory intent and states:

> When alleging an Equal Protection violation under the Civil Rights Act, 42 U.S.C. § 1983, the Plaintiff has the added burden of demonstrating that, that defendant acted with the intent to discriminate. *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998). "[O]ne must show **intentional** or **purposeful** discrimination." *Grader v. City of Lynnwood*, 53 Wn. App. 431, 437, 767 P.2d 952 (1989) (emphasis added), *review denied*, 113 Wn.2d 1001, *cert. denied*, 493 U.S. 894; *Draper v. Rhay*, 315 F.2d 193, 198 (9th Cir. 1963) (inmate failed to show § 1983 violation in absence of "intentional or purposeful discrimination"), *cert. denied*, 375 U.S. 915. This "discriminatory purpose" must be clearly shown since a purpose cannot be presumed." *Grader*, 53 Wn. App. at 437. The Equal Protection Clause does not require conditions, practices, and rules at county and state correctional facilities to be identical. *Cooper v. Elrod*, 622 F. Supp. 373 (D.C. Ill. 1985). The United States Supreme Court has observed that "showing that different persons are treated differently is not enough without more, to show a denial of Equal Protection." *Griffin v. County School Board of Prince Edward Co.*, 377 U.S. 218, 230 (1964).
>
> Here, there is nothing to demonstrate that the Defendant violated Plaintiff's Equal Protection rights and therefore, Plaintiff has failed to meet his burden. Plaintiff has not offered any evidence to support his claim that he was treated differently than other inmates because of his race, or that any other of his constitutional rights were violated. Plaintiff admits in his grievance that he was denied the use of the recording device because he was not a band worker, not due to his race. *See* Dkt. No. 1 at 4. And, while Plaintiff alleges that Defendant "treats him with a racist attitude", verbal harassment or abuse is not cognizable as a constitutional deprivation under § 1983. *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996); *Oltarzewski v.Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Plaintiff has not provided any evidence that he was denied use of the recording device because of his race or that RS3 Hood treats him differently than any other inmate, nor does Plaintiff articulate any other possible basis for an Equal Protection claim. Therefore, Plaintiff's Fourteenth Amendment Equal Protection claim fails as a matter of law.

(Defendants' Motion to Dismiss ECF No. 12).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), challenges only the sufficiency of the complaint -- not plaintiff's level of proof. The allegations are that Mr. Hood is a state employee

REPORT AND RECOMMENDATION- 6

acting under color of state law and that he denied plaintiff the ability to use recording equipment because plaintiff is African American.  As alleged, plaintiff states a cause of action.  Whether plaintiff can meet his burden of proof, is a wholly different question that is not the proper subject of a Fed. R. Civ. P. 12(b)(6) motion.  At this stage of the proceedings, the court assumes the allegations to be true and the complaint is construed in the plaintiff's favor.  Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983).  The court recommends that the motion to dismiss for failure to state a claim be DENIED.

> D. *Qualified Immunity.*

A public official performing a discretionary function enjoys qualified immunity in a civil action for damages, provided his or her conduct does not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  The immunity is "immunity from suit rather than a mere defense to liability."  Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

If a court is called upon to consider a claim for qualified immunity from civil rights claims, the threshold question is whether: "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?"  Saucier v. Katz, 533 U.S. 194, 201 (2001).  If the answer to that question is "no," then the defendant is entitled to qualified immunity.  Id.

This analysis does not work well when an element of the claim is the subjective intent of the defendant.  Tribble v. Gardner, 860 F.2d 321 (9th Cir. 1988).  The court in Tribble stated:

> Generally, an official's state of mind is not a factor in determining the application of qualified immunity. *Anderson*, 107 S.Ct. at 3040; *Harlow*, 457 U.S. at 817, 102 S.Ct. at 2737. This rule is based upon the substantial costs of subjecting government officials to the risks of trial. Judicial inquiry into subjective motivation "may entail broad-ranging discovery and the deposing of numerous persons, including an official's professional colleagues. Inquiries of

REPORT AND RECOMMENDATION- 7

> this kind can be peculiarly disruptive of effective government." *Harlow*, 457 U.S. at 817, 102 S.Ct. at 2737-38.
>
> We recently opined, however, that in one class of cases an inquiry into defendants' motive is permissible. In *Gutierrez v. Municipal Court*, 838 F.2d 1031 (9th Cir.1988), plaintiff challenged as unconstitutional an English-only rule enacted by a judicial district of the Los Angeles Municipal Court. Plaintiff claimed, in part, that the rule constituted racial and national origin discrimination in violation of the equal protection clause of the fourteenth amendment. Such a claim required the plaintiff to prove intentional discrimination. The defendants in that case moved for summary judgment on the basis of qualified immunity. We held that " '[w]hen the governing precedent identifies the defendant's intent (unrelated to knowledge of the law) as an essential element of plaintiff's constitutional claim, the plaintiff must be afforded an opportunity to overcome an asserted immunity with an offer of proof of the defendant's alleged unconstitutional purpose.' " *Id*. at 1050 (quoting *Martin v. D.C. Metro. Police Dep't*, 812 F.2d 1425, 1433, *vacated in part*, 817 F.2d 144 (section IV of opinion and dissenting opinion), *reh'g denied*, 824 F.2d 1240 (section IV of opinion, dissenting opinion and judgment reinstated) (D.C.Cir.1987)).

Tribble v. Gardner, 860 F.2d 321, 326-27 (9th Cir. 1988).  Dismissal, without giving plaintiff the opportunity to overcome the assertion of immunity, would be improper. The same is true here. The court recommends the motion to dismiss be DENIED as to qualified immunity.

    E.    *Stay of Discovery.*

Defendants ask the court to stay discovery (Motion to Dismiss and Stay Discovery, ECF No. 12, page 8).  Defendants state:

> The court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Upon showing of good cause, the court may deny or limit discovery. Fed. R. Civ. P. 26(c).  A court may relieve a party of the burdens of discovery while a dispositive motion is pending. *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), **amended** 906 F.2d 465 (9th Cir. 1990); *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984). Based upon the foregoing authorities and argument, all discovery should be stayed in this matter until the court rules on the instant motion to dismiss.

(Motion to Dismiss and Stay Discovery, ECF No. 12, page 8)(Emphasis in original). DiMartini was a case in which qualified immunity had been raised as a defense.  It was qualified immunity

REPORT AND RECOMMENDATION- 8

that barred discovery, not the fact that a dispositive motion was pending.  The Ninth Circuit stated:

> In this case, however, the district court stayed all discovery in the proceedings pending its ruling on Ferrin's motion for summary judgment based on qualified immunity. The Supreme Court has held that until the threshold issue of immunity is resolved, discovery should not proceed. *Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738; *cf. Anderson v. Creighton*, 483 U.S. 635, 646 n. 6, 107 S.Ct. 3034, 3042 n. 6, 97 L.Ed.2d 523 (1987) (denial of discovery is appropriate on qualified immunity issue where actions alleged by plaintiff are such that a reasonable officer could have believed they were lawful). In reviewing a district court's denial of summary judgment advanced on grounds of qualified immunity we must accept as true the facts stated in the affidavits. *Schwartzman v. Valenzuela*, 846 F.2d 1209, 1211 (9th Cir.1988) (circuit recognizes that the Supreme Court has limited scope of interlocutory appellate review of immunity claim to a purely legal question; the correctness of the plaintiff's version of the facts is not considered). If the facts as alleged by Di Martini violated clearly established law, summary judgment was properly denied. *Id.* If, on the other hand, Di Martini alleged only that Agent Ferrin violated his fifth amendment rights, without alleging any specific facts, summary judgment should have been granted.

DiMartini v. Ferrin, 889 F.2d 922, 926 (9th Cir. 1989). Unlike DiMartini, which presented a legal question, the case before the court today is a mixed question of law and fact.  While there are questions of law, the question of defendant's intent is an issue of fact.  It would be improper to stay discovery completely.  The court is mindful that discovery is one of the burdens to government officials that the Supreme Court sought to avert in Harlow v. Fitzgerald, 457 U.S. 800, 816 (1982).  However, plaintiff must be afforded the opportunity to oppose a motion based on qualified immunity.  The court concludes that discovery in this case should be strictly limited to defendant Hood's intent in denying plaintiff the use of the recording machine in recreation.

## **CONCLUSION**

The undersigned recommends the defendants motion to dismiss be GRANTED IN PART AND DENIED IN PART as noted above.

REPORT AND RECOMMENDATION- 9

1  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen
2  (14) days from service of this Report to file written objections.  <u>See also</u> Fed. R. Civ. P. 6.
3  Failure to file objections will result in a waiver of those objections for purposes of appeal.
4  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the
5  clerk is directed to set the matter for consideration on December 3, 2010, as noted in the caption.
6
    Dated this 4th day of November, 2010.
7

8

9  *[signature]*

10  J. Richard Creatura
    United States Magistrate Judge

REPORT AND RECOMMENDATION- 10