UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES L THOMAS,

          Plaintiff,

   v.

JEFFRY HOOD.

          Defendant.

CASE NO. 3:10-cv-05369-RJB-JRC

REPORT AND RECOMMENDATIION

NOTED FOR:
SEPTEMBER 2, 2011

This 42 U.S.C. § 1983 civil rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Defendant Hood has moved for summary judgment (ECF No. 22). Plaintiff has responded (ECF No. 23). The majority of the case was dismissed previously (ECF No. 14). The issue of racial discrimination survived.

The court has examined the record. Defendants have provided the level three grievance response that was missing from the motion to dismiss (ECF No. 22, attachment B). It is now clear that the racial discrimination issue was not considered because it had not been raised in the initial grievance (ECF No. 22, attachment B). Although he did mention the defendant having a

"nasty attitude," he did not refer to racial discrimination in his grievance. This issue is unexhausted because it was not clearly before the grievance coordinator when the grievance was first filed and it was not considered on appeal because it had not been raised initially. Plaintiff was informed that he needed to raise the issue of racial discrimination separately from his grievance concerning use of recording equipment. Therefore, the court now recommends that this claim be dismissed, without prejudice, allowing plaintiff attempt to exhaust his administrative remedies, if he so chooses.

## STANDARD OF REVIEW

In federal court, summary judgment is required under Fed. R. Civ. P. 56(c) if the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact. Tarin v. County of Los Angeles, 123 F.3d 1259, 1263 (9th Cir.1997). The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). That burden may be met by "'showing'-- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." Id. at 325. Once the moving party has met its initial burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and identify facts that show a genuine issue for trial. Id. at 323-24; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## DISCUSSION

The Prison Litigation Reform Act ("PLRA") requires plaintiff exhaust whatever administrative remedies are available to him prior to filing a complaint in federal court. The relevant portion of the act states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail,

prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Here, plaintiff filed this action while incarcerated and the act applies to him. See 42 U.S.C. §1997 e (h). The statute defines prisoner to include any person confined in a facility for a violation of criminal laws, including persons accused of or convicted of crimes.

Having determined that the Act applies to plaintiff, it is clear he did not exhaust his available remedies (ECF No. 22, attachment B). The level three grievance response tells him he needed to file his claim regarding staff misconduct separately. The Deputy Secretary of the Department of Corrections would not consider the claim on the level three appeal because it was not initially part of the grievance. This information was not part of the motion to dismiss (ECF No. 12). The court recommends that this claim be dismissed for failure to exhaust administrative remedies. No other claim remains in the action. The action would be dismissed without prejudice so plaintiff may attempt to exhaust his claims. The court further recommends that in forma pauperis status be revoked for purposes of appeal in this case.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See 28 U.S.C. § 636(b)(1)(C).

Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on September 2, 2011, as noted in the caption.

Dated this 3rd day of August, 2011.

J. Richard Creatura
United States Magistrate Judge