UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES L. THOMAS, | CASE NO. 10-5369RJB |
| Plaintiff, | ORDER ON REPORT AND RECOMMENDATION |
| v. | |
| JEFFRY HOOD, | |
| Defendant. | |

This matter comes before the court on the Report and Recommendation of the Hon. J. Richard Creatura, United States Magistrate Judge (Dkt. 26), following defendant's Motion for Summary Judgment (Dkt. 22). The court has considered the relevant documents and the remainder of the file herein.

PROCEDURAL HISTORY

On May 28, 2010, Charles L. Thomas ("plaintiff") filed a prisoner civil rights complaint under 42 U.S.C. § 1983. Dkt. 5. Plaintiff named Recreation Athletic Specialist 3 (RS3) Jeffrey Hood ("Defendant Hood") and the Washington State Department of Corrections as defendants.

ORDER ON REPORT AND
RECOMMENDATION- 1

1  *Id*. Plaintiff alleges that Defendant Hood "mistreated [Mr. Thomas] by abusing his authority and
2  showing favoritism of the Caucasian race." Dkt. 5, at 3.

3  On August 19, 2010, Defendants filed a motion to dismiss pursuant to Fed.R.Civ.P.
4  12(b)(6) and to stay discovery. Dkt. 12. On November 4, 2010, Magistrate Judge Creatura issued
5  a Report and Recommendation recommending that (1) claims against the State and Defendant
6  Hood in his official capacity be dismissed with prejudice; (2) the motion to dismiss pursuant to
7  plaintiff's failure to exhaust administrative remedies and failure to state a claim and defendant's
8  qualified immunity be denied; and (3) discovery be limited to inquiry into Defendant Hood's
9  intent in denying Mr. Thomas the use of the music recording equipment and what the
10 Department of Corrections considered in the grievance procedure. Dkt. 13. The court adopted the
11 Report and Recommendation. Dkt. 14.

12 On January 3, 2011, the Magistrate Judge issued a Scheduling Order, setting a Discovery
13 deadline of May 20, 2011 and a deadline for filing Dispositive motions of June 10, 2011. Dkt.
14 17. Defendant Hood filed a Motion for Summary Judgment on June 8, 2011. Dkt. 22. The
15 motion was timely briefed by both parties. *See* Dkts. 23, 24, 25.

16 On August 3, 2011, Magistrate Judge Creatura issued a Report and Recommendation
17 recommending that the court dismiss the case without prejudice, on the basis that plaintiff failed
18 to exhaust administrative remedies as to the racial discrimination claim. Dkt. 26. Plaintiff did not
19 file objections to the Report and Recommendation.

20 <center>RELEVANT FACTS</center>

21 In the complaint, plaintiff alleges that Defendant Hood misused his position in the prison
22 recreation department to deny plaintiff use of a music recording device and to show favoritism to
23 Caucasian inmates. Dkt. 5. In support of his claim, plaintiff attached completed Department of
24

ORDER ON REPORT AND
RECOMMENDATION- 2

Corrections grievance forms: (1) "Level 1- Initial Grievance"; (2) "Appeal to Level II"; and (3) "Appeal to Level III." *Id.*, at 4-7.

In his initial grievance filed on August 22, 2009, plaintiff alleged that had been denied access to use of a music recording device by Defendant Hood, who managed the equipment. Dkt. 5, at 4. Plaintiff stated that he had tried to talk to Defendant Hood about the problem, but Defendant Hood "bl[ew] [plaintiff] off with a nasty attitude." *Id*. The prison's official response stated that plaintiff would be able to use recording slots during his gym time, per a state-wide implementation policy. *Id*.

On November 19, 2009, Plaintiff filed an Appeal to Level II, in which he stated that when he approached Defendant Hood to discuss the Level I response he was treated "with a racist attitude." Dkt. 5, at 5. The alleged conduct included slamming a door in plaintiff's face and telling plaintiff to "get the hell away from my door." *Id*. RS4 Ryan Graves conducted an internal investigation of plaintiff's Appeal to Level II, interviewing Defendant Hood and plaintiff. Dkt. 22-1, at 5. Dkt. 25, at 4. Mr. Graves' report describes the content of his interview with plaintiff:

> In addition to the not having access to the [music recording equipment], plaintiff feels RS3 Hood is being racist and discriminatory towards him. [Plaintiff] said he has witnessed RS3 Hood give preferential treatment to white offenders. Dkt. 22-1, at 5, 6.

The internal report concluded that "the allegations of racism and discrimination towards [plaintiff] … will not be addressed in the conclusion and response [to plaintiff] because they were not part of the original grievance." *Id*., at 6. Consistent with the internal grievance investigation report, the response issued to plaintiff addressed plaintiff's access to the recording equipment but not the alleged racist conduct. Dkt. 5, at 5.

On February 1, 2010, Plaintiff filed an Appeal to Level III, where plaintiff complains that "nothing ha[d] been done about …the racism…and the use of the [music recording device]."

ORDER ON REPORT AND
RECOMMENDATION- 3

Dkt. 5, at 6. No department response to the appeal was issued. Dkt. 23, at 2, 3. Plaintiff filed this complaint alleging violations of his civil rights on May 28, 2010. Dkt. 5.

## MOTION FOR SUMMARY JUDGMENT

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. However, the nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871,

888-89, 110 S.Ct. 3177, 3188-89 (1990).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act ("PLRA") requires that plaintiff exhaust all administrative remedies available before filing a complaint in federal court. The relevant portion of the PLRA states:

> No action shall be brought with respect to prison conditions under section 1984 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In defendant's Motion to Dismiss (Dkt. 22), the Government contends that plaintiff's racial discrimination claim should be dismissed because plaintiff failed to exhaust all administrative remedies. Dkt. 22, at 3-5. The Government does not contest that plaintiff correctly appealed his initial grievance. *Id.*, at 5. However, the Government argues that since plaintiff did not allege racist conduct until his Appeal to Level II, plaintiff did not exhaust his administrative remedies, and thus his claim should be barred. *Id*.

In plaintiff's Response to Defendant's Motion to Dismiss (Dkt. 23), plaintiff does not directly address the Government's argument that plaintiff's allegation of racism only followed his appeal to the initial grievance. *See* Dkt. 23. Plaintiff argues that he exhausted all administrative remedies because he pursued his claim through all three levels of appeal available to prisoners. *Id*., 2, 3. Plaintiff also alleges that the Government did not follow proper procedure when it failed to respond to his Appeal to Level III within 90 days. *Id*.

The Government's reply to plaintiff's response (Dkt. 24) and plaintiff's response to the Government's reply (Dkt. 25) both address the Equal Protection issue but do not directly address exhaustion of administrative remedies. *See* Dkt. 24.

Strictly speaking, plaintiff did not raise the racial discrimination issue in his Level I

1  grievance; therefore, he did not exhaust all administrative remedies as to that claim. In fact,
2  prison officials deliberately ignored the discrimination issue raised in his Level II Appeal
3  because in their view the issue had not been properly raised. Dkt. 22-1, at 6. To the extent that
4  plaintiff did not comply with prison procedure and raise the issue of racial discrimination in his
5  initial grievance, this court agrees with the Report and Recommendation that this case should be
6  dismissed.

7  However, although plaintiff did not articulate racial discrimination as an issue until his
8  Level II Appeal, it appears that plaintiff felt that racism was Defendant Hood's underlying
9  motivation behind his actions in the initial incident. In determining whether to further prosecute
10 this claim, plaintiff should understand that neither a feeling of racial discrimination nor a "nasty
11 attitude," without more, will support a civil rights claim of racial discrimination.

* * *

13  Accordingly, it is hereby ORDERED that:

14  (1)   The Court adopts the Report and Recommendation (Dkt. 26), with the above analysis;

16  (2)   Defendant's Motion for Summary Judgment (Dkt. 22) is GRANTED in part as stated;

17  (3)   This action is DISMISSED WITHOUT PREJUDICE. *See* Fed. R. Civ. P. 56.

18  The Clerk is directed to send uncertified copies of this Order to all counsel of record and
19  to any party appearing *pro se* at said party's last known address.

20  Dated this 21st day of September, 2011.

*[signature]*

ROBERT J. BRYAN
United States District Judge

ORDER ON REPORT AND
RECOMMENDATION- 6